THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Theodore Kyin
 Oo, Appellant.
 
 
 
 
 

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No.   2011-UP-102 
 Submitted March 1, 2011  Filed March 15,
2011

AFFIRMED

 
 
 
 Bobby G. Frederick, of Myrtle Beach, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General Christina Catoe, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  In
 2009, Theodore Kyin Oo was convicted of lewd act upon a minor and sentenced to
 twelve years in prison.  Oo appeals, arguing the trial court erred in admitting
 a video recording of a doctor interviewing the five-year old victim, in
 violation of (1) section 17-23-175 of the South Carolina Code (Supp. 2010), and
 (2) the Confrontation Clause.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: 
As to issue (1): State v. Dunlap,
 346 S.C. 312, 325-26, 550 S.E.2d 889, 896-97 (Ct. App. 2001) ("A party
 cannot complain of prejudice from the admission of evidence if he opened the
 door to its admission."); State v. Beam, 336 S.C. 45, 52, 518
 S.E.2d 297, 301 (Ct. App. 1999) ("[W]hen a party introduces evidence about
 a particular matter, the other party is entitled to explain it or rebut it,
 even if the latter evidence would have been incompetent or irrelevant had it
 been offered initially.").   
As to issue (2): Crawford
 v. Washington, 541 U.S. 36, 59 n.9 (2004) ("[W]hen the
 declarant appears for cross-examination at trial, the Confrontation Clause
 places no constraints at all on the use of his prior . . .
 statements.") (emphasis added); State v. Stoke, 381 S.C. 390, 399,
 673 S.E.2d 434, 438 (2009).
AFFIRMED.[1]
FEW, C.J.,
 THOMAS, and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.